UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| COLIN JAMES WHEELER, <br><br> Plaintiff, <br><br> v. <br><br> IHC HEALTH SERVICES, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT** <br><br> Case No. 1:23-cv-00014 <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Colin James Wheeler, proceeding *in forma pauperis*, filed this action against IHC Health Services.[1] Because Mr. Wheeler's complaint generally lacks factual development, and where he has failed to assert facts supporting a prima facie case for "failure to hire" under the Americans with Disabilities Act (ADA),[2] Mr. Wheeler has failed to state a cognizable claim. Accordingly, the court orders Mr. Wheeler to file an amended complaint by **June 1, 2023**.

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must review the case under 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[3] In making this determination, the court employs the standard for analyzing a motion to dismiss for failure to

---

[1] (*See* Compl., Doc. No. 5.)

[2] 42 U.S.C. §§ 12112 *et seq*.

[3] 28 U.S.C. § 1915(e)(2)(B)(ii).

1

state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4]  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[5]  The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[6]  But the court need not accept a plaintiff's conclusory allegations as true.[7]  "[A] plaintiff must offer specific factual allegations to support each claim."[8]

Because Mr. Wheeler proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[9]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[10]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[11]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[12] the court "will not supply

---

[4] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[5] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[6] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[9] *Hall*, 935 F.2d at 1110.

[10] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[11] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[12] *Hall*, 935 F.2d at 1110.

additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13]

## BACKGROUND

Mr. Wheeler submitted a form complaint alleging employment discrimination in violation of the ADA.[14] Mr. Wheeler identified the grounds for his ADA claim as "failure to hire me," "termination of my employment," and "failure to accommodate my disability."[15] Although he checked all three of these boxes on the form complaint, it appears Mr. Wheeler was never actually hired by IHC but, instead, received an offer of employment which was later withdrawn.[16] Without more, it seems the only viable basis for Mr. Wheeler's claim is under a failure-to-hire theory. Accordingly, Mr. Wheeler's complaint is analyzed as a failure-to-hire claim under the ADA. Because Mr. Wheeler's complaint provides no statement of facts, it is difficult to discern the circumstances and events giving rise to Mr. Wheeler's claim against IHC. The factual allegations recounted below are pieced together from the documents Mr. Wheeler submitted with his complaint.[17]

---

[13] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[14] (*See* Compl. 1–3, Doc. No. 5.)

[15] (*See id.* at 4.)

[16] (*See* Ex. A to Compl., Doc. No. 5-1 at 3–4 (emails from Mr. Wheeler stating IHC "would re[s]cind the job," "will not hire me," and "not offer employment").)

[17] The exhibit Mr. Wheeler filed with his complaint includes the following documents: a right to sue letter, a letter from Mr. Wheeler's therapist indicating he successfully completed a substance abuse treatment program, various emails from Mr. Wheeler (the context and recipients of which are unclear), various undecipherable photos or documents, and an excerpt from a "determination and order" (presumably from some stage of the prior administrative proceedings). (*See generally* Ex. A to Compl., Doc. No. 5-1.)

Sometime around January 2021, Mr. Wheeler seems to have applied for a position with IHC,[18] although the complaint fails to identify which position.[19] It appears IHC extended Mr. Wheeler an offer of employment but later withdrew the offer on or around January 27, 2021.[20] On January 25, 2021, a preemployment background check indicated Mr. Wheeler had been convicted of numerous offenses, including possession or use of a controlled substance.[21] Based on the results of this background check, Mr. Wheeler's application was submitted to a "targeted review committee comprised of employee relations personnel" with the purpose of reviewing "job applications of individuals with criminal backgrounds."[22] Such review does "not automatically bar the applicant from employment,"[23] and the applicant is supposed to be provided an "opportunity to demonstrate . . . particular circumstances that may weigh against exclusion."[24] Mr. Wheeler alleges he was given no such opportunity; the review committee "never reached out to [him] to demonstrate [his] side."[25] Mr. Wheeler also alleges IHC rescinded his job offer due to his previous drug conviction.[26] He argues "it is illegal to not offer

---

[18] (*See* Compl. 4, Doc. No. 5.)

[19] (*See generally id.*)

[20] (*See id.* at 4; Ex. A to Compl., Doc. No. 5-1 at 7.)

[21] (*See* Ex. A to Compl., Doc. No. 5-1 at 7 ("Morris [a human resources personnel] emailed [Mr. Wheeler], stating 'Hi Colin, we are still waiting on your background check to come back. We will need to push [your] start date back a week for now. I will let you know when it comes back.'").)

[22] (*Id.*)

[23] (*Id.*)

[24] (*Id.*)

[25] (*Id.* at 3.)

[26] (*Id.* at 3–4.)

employment to someone for past drug convictions when [they] [have] a record of being rehabilitated."[27]

Mr. Wheeler alleges he "passed an IHC drug screen after [he was] offered the job, thus showing [he] [has] been rehabilitated from drugs." [28] Mr. Wheeler also submitted a letter from his therapist indicating he successfully completed a substance abuse treatment program.[29] Mr. Wheeler alleges his history of substance abuse qualifies as a disability under the ADA.[30]

Based on the above incidents, Mr. Wheeler filed charges with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue letter.[31] Mr. Wheeler filed the current action against IHC on February 13, 2023, seeking "the original job offer [be] honored" as well as punitive damages in the amount of $300,000 to $2,000,000.[32]

## ANALYSIS

Given the general lack of factual development in Mr. Wheeler's complaint and considering that he has failed to assert facts supporting a prima facie case for "failure to hire" under the ADA, Mr. Wheeler has failed to state a cognizable claim.

As an initial matter, to state a cognizable claim, "a plaintiff must offer specific factual allegations to support each claim."[33] Where Mr. Wheeler has failed to provide a coherent

---

[27] (*Id.* at 4.)

[28] (*Id.* at 3.)

[29] (*Id.* at 2.)

[30] (*See* Compl. 4, Doc. No. 5; Ex. A to Compl., Doc. No. 5-1 at 3.)

[31] (Compl. 5, Doc. No. 5.)

[32] (*Id.*)

[33] *Kan. Penn Gaming, LLC*, 656 F.3d at 1214.

statement outlining the facts of his case, his complaint does not satisfy this standard. Although Mr. Wheeler filed an exhibit containing various documents with his complaint, many of those documents are so poorly labeled or of such low quality as to be unhelpful. Additionally, the EEOC documents Mr. Wheeler submitted fail to provide a coherent factual account, as it is unclear what the documents consist of or which stage of the administrative proceedings they relate to.[34]

As for the sufficiency of Mr. Wheeler's allegations, the ADA prohibits covered employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures[] [and] hiring."[35] To establish a prima facie case under the ADA for "failure to hire" a plaintiff must show,

> (1) that [he] is a disabled person within the meaning of the ADA; (2) that [he] is qualified, that is, [he] is able to perform the essential functions of the job, with or without reasonable accommodation; and (3) that the employer [failed to hire him] under circumstances which give rise to an inference that the [failure to hire] was based on [his] disability.[36]

---

[34] While the form complaint states Mr. Wheeler "may attach" a copy of his "charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division," this is permitted only as "additional support for the facts of [his] claim." (Compl. 5, Doc. No. 5.)

[35] 42 U.S.C. §12112(a).

[36] *Boldridge v. Tyson Foods, Inc.*, No. 05-4055-SAC, 2007 U.S. Dist. LEXIS 19942, at *14 (D. Kan. Mar. 20, 2007) (unpublished) (alternations in original) (citing *Morgan v. Hilti*, 108 F.3d 1319, 1323 (10th Cir. 1997) and *Endlich v. Yellow Corp.*, 182 F. App'x 825, 828 (10th Cir. 2006) (unpublished)). ADA disability discrimination claims based on indirect evidence are subject to the burden-shifting structure of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this structure, after a "plaintiff has made the requisite [prima facie] showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If the defendant proffers such a reason, the burden then shifts back to the plaintiff to show that the defendant's stated reasons are merely 'pretextual.'" *Equal Emp. Opportunity Comm'n v. C.R. Eng., Inc.*, Nos. 09-4207, 09-4217, 2011 U.S. App. LEXIS 8971, at *21 (10th Cir. May 3, 2011) (unpublished) (internal citation omitted).

Mr. Wheeler has failed to allege sufficient facts to support the first and second elements of a prima facie case for "failure to hire," as explained below.

With respect to the first prima facie element, Mr. Wheeler has not adequately alleged he is a disabled person under the ADA. Despite listing several possible disabilities on his form complaint (PTSD, schizoaffective disorder, severe depression, anxiety disorder, and substance abuse), Mr. Wheeler fails to make clear which disability(ies) he relies on in support of his claim against IHC.[37] However, it appears from the documents Mr. Wheeler filed with his complaint that he is relying on his history of substance abuse.[38]

The "status of being an alcoholic or illegal drug user may merit [ADA] protection."[39] The ADA includes a safe harbor provision for individuals who (1) "demonstrate that the addiction or use of illegal drugs is an 'impairment that substantially limits one or more major life activities' so as to be a qualifying disability"[40] and (2) "are not currently engaging in the illegal use of drugs," including those who have "successfully completed a supervised drug rehabilitation program and [are] no longer engaged in the illegal use of drugs."[41] Under the first factor, major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing,

---

[37] (*See* Compl. 4, Doc. No. 5.)

[38] (*See generally* Ex. A to Compl., Doc. No. 5-1.)

[39] *Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1185 (10th Cir. 2011) (alteration in original) (quoting *Nielsen v. Moroni Feed Co.*, 162 F.3d 604, 609 (10th Cir. 1998)).

[40] *George v. Cmty. Health Ctrs.*, No. CIV-21-00464-PRW, 2022 U.S. Dist. LEXIS 40555, at *8–9 (W.D. Okla. Mar. 8, 2022) (unpublished) (citing *Nielsen*, 162 F.3d at 610); *see also* 42 U.S.C. § 12102 (defining "disability" and "major life activities" under the ADA).

[41] 42 U.S.C. § 12114(a)–(b); *see also Mauerhan*, 649 F.3d at 1185; *George*, 2022 U.S. Dist. LEXIS 40555, at *8–9.

learning, reading, concentrating, thinking, communicating, and working."[42] The ADA "requires plaintiffs to offer evidence that the extent of the limitation caused by their impairment in terms of their own experience is substantial."[43] Under the second factor, "an individual's eligibility for the safe harbor [provision] must be determined on a case-by-case basis, examining whether the circumstances of the plaintiff's drug use and recovery justify a reasonable belief that drug use is no longer a problem."[44]

Because Mr. Wheeler alleges he passed a drug screening for IHC after he was offered the job, and where he submitted a letter indicating he successfully completed a substance abuse treatment program, he has alleged facts sufficient to support a claim that he is not currently engaged in the use of illegal drugs.[45] However, Mr. Wheeler has failed to allege facts supporting a claim that his substance abuse constitutes an impairment which substantially limits a major life activity. Accordingly, Mr. Wheeler has failed to support a claim that he is a person with a "disability" as defined under the ADA.[46]

With regard to the second element, Mr. Wheeler has failed to allege any facts supportive of a claim that he was qualified and able to perform the essential functions of the job. Indeed, the complaint fails to identify what position Mr. Wheeler applied for, was offered, and ultimately denied. It likewise contains no information as to Mr. Wheeler's qualifications and abilities.

---

[42] *Reynolds v. Kent's Mkt. Pharm.*, No. 1:18-cv-144, 2020 U.S. Dist. LEXIS 145150, at *7 (D. Utah Aug. 11, 2020) (unpublished) (quoting 42 U.S.C. §§ 12102(1), 12102(2)(A)).

[43] *Id.* (quoting *Johnson v. Sedgwick Cnty. Sherriff's Dep't* 461 F. App'x 756, 759 (10th Cir. 2012) (unpublished)).

[44] *Mauerhan*, 649 F.3d at 1188.

[45] (*See* Ex. A to Compl., Doc. No. 5-1 at 2.)

[46] *See* 42 U.S.C. § 12102(1).

Without more, Mr. Wheeler has failed to allege sufficient facts to support this element of a prima facie case for "failure to hire" under the ADA. Because Mr. Wheeler has failed to allege facts sufficient to support the first and second elements of a prima facie case for "failure to hire," his complaint is insufficient and fails to state a claim.

## CONCLUSION

Considering the general lack of factual development of Mr. Wheeler's complaint, and where Mr. Wheeler has failed to allege facts sufficient to support the elements of a prima facie case for a failure-to-hire claim under the ADA, he has failed to state a cognizable claim. Accordingly, the court ORDERS as follows:

1. Mr. Wheeler must file an amended complaint by **June 1, 2023**. The words "Amended Complaint" should appear in the caption of the document.

2. Mr. Wheeler is ordered to comply with Part III.E. of the form complaint, meaning he must submit a detailed and holistic summary of the facts of his case.

3. Once Mr. Wheeler's amended complaint is filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.

4. Mr. Wheeler is advised that an amended complaint will *completely replace* all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[47]

---

[47] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

     5.     Other than an amended complaint, the restriction on filing motions or other documents set forth in the court's February 13, 2023 order[48] remains in place.  The only documents Mr. Wheeler may file at this juncture are an amended complaint and court forms (such as the email filing and electronic notification form and the consent to magistrate judge jurisdiction form).

     6.     Failure to file an amended complaint may result in a recommendation to dismiss this action.

DATED this 11th day of May, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[48] (Doc. No. 4.)