UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| COLIN JAMES WHEELER, <br><br> Plaintiff, <br><br> v. <br><br> IHC HEALTH SERVICES, <br><br> Defendant. | **REPORT AND RECOMMENDATION TO DISMISS ACTION PURSUANT TO 28 U.S.C. § 1915** <br><br> Case No. 1:23-cv-00014 <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Colin James Wheeler, proceeding *in forma pauperis*, filed this action against IHC Health Services.[1]  After screening Mr. Wheeler's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court ordered Mr. Wheeler to file an amended complaint.[2]  Mr. Wheeler was informed that once filed, his amended complaint would likewise be screened under 28 U.S.C. § 1915(e).[3]  Mr. Wheeler filed an amended complaint on May 11, 2023.[4]

Mr. Wheeler's original complaint failed to state a cognizable claim because it generally lacked factual development and failed to assert facts supporting a prima facie case for "failure to hire" under the Americans with Disabilities Act (ADA).[5]  Mr. Wheeler was specifically ordered

---

[1] (*See* Compl., Doc. No. 5.)

[2] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 9.)

[3] (*Id.* at 9.)

[4] (Doc. No. 10.)

[5] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 9); 42 U.S.C. §§ 12112 *et seq.*

to "comply with Part III.E. of the form complaint, meaning he must submit a detailed and holistic summary of the facts of his case."[6]

Beyond submitting a single, handwritten page of additional facts, Mr. Wheeler's amended complaint, and the exhibits filed therewith, are identical to his original complaint.[7] While the facts Mr. Wheeler added to the amended complaint cure some of the deficiencies previously identified by the court, some deficiencies remain. For these reasons, Mr. Wheeler's amended complaint fails to state a plausible claim for relief, further opportunities to amend would be futile, and the undersigned[8] recommends the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must review the case under 28 U.S.C. § 1915(e)(2). Under this statute, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[9] In making this determination, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[10] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is

---

[6] (Mem. Decision and Order to File Am. Compl., Doc. No. 9.)

[7] (*Compare* Compl., Doc. No. 5, *with* Am. Compl., Doc. No. 10.)

[8] On February 15, 2023, this case was referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (*See* Doc. No. 7.)

[9] 28 U.S.C. § 1915(e)(2)(B)(ii).

[10] *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

plausible on its face."[11]  The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[12]  But the court need not accept a plaintiff's conclusory allegations as true.[13]  "[A] plaintiff must offer specific factual allegations to support each claim."[14]

Because Mr. Wheeler proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[15]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[16]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[17]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements,"[18] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[19]

---

[11] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[12] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[13] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[14] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[15] *Hall*, 935 F.2d at 1110.

[16] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[17] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[18] *Hall*, 935 F.2d at 1110.

[19] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

BACKGROUND

Mr. Wheeler's amended complaint is comprised of a partial form complaint and various other documents, alleging what appears to be employment discrimination in violation of the ADA.[20]  Mr. Wheeler identified the grounds for his ADA claim as "failure to hire me," "termination of my employment," and "failure to accommodate my disability."[21]  Although he checked all three of these boxes on the form complaint, it appears Mr. Wheeler was never actually hired by IHC but, instead, received an offer of employment which was later withdrawn.[22]  Without more, it seems the only viable basis for Mr. Wheeler's claim is under a failure-to-hire theory.  Accordingly, Mr. Wheeler's amended complaint is analyzed as a failure-to-hire claim under the ADA.  The factual allegations recounted below come from Mr. Wheeler's brief statement of facts and the other documents submitted as part of his amended complaint.[23]

---

[20] Pages of the form complaint included with Mr. Wheeler's original complaint are missing from the amended complaint.  (*Compare* Compl. 1–3, Doc. No. 5 (including a page wherein Mr. Wheeler checked a box indicating he was bringing claims under the "American with Disabilities Act of 1990"), *with* Am. Compl. 2, 10, Doc. No. 10 (omitting that page of the form complaint).)  This is problematic where Mr. Wheeler was explicitly advised his amended complaint would "*completely replace* all prior versions of the complaint," and "[c]laims which are not realleged in the amended complaint will be deemed abandoned."  (Mem. Decision and Order to File Am. Compl. 9, Doc. No. 9 (emphasis in original).)

[21] (Am. Compl., Doc. No. 10 at 2.)

[22] (*See* Am. Compl., Doc. No. 10 at 3 (indicating IHC's "stance stating that due to my past drug conviction I would not be hired and the job offer rescinded"), 5–6 (emails from Mr. Wheeler stating IHC "would re[s]cind the job," "will not hire me," and would "not offer employment").)

[23] These other documents include: a right to sue letter, a letter from Mr. Wheeler's therapist indicating he successfully completed a substance abuse treatment program, various emails from Mr. Wheeler (the context and recipients of which are unclear), various undecipherable photos or documents, and an excerpt from a "determination and order" (presumably from some stage of the prior administrative proceedings).  (*See generally* Am. Compl., Doc. No. 10.)  Many of these documents are so poorly labeled or of such low visual quality as to be unhelpful.  Additionally, the Equal Employment Opportunity Commission documents Mr. Wheeler submitted fail to

Sometime around January 2021,[24] Mr. Wheeler seems to have applied for a position with

IHC.[25]  It appears IHC extended Mr. Wheeler an offer of employment as a client services

representative but later withdrew the offer on or around January 27, 2021.[26]  On January 25,

2021, a preemployment background check indicated Mr. Wheeler had been convicted of

numerous offenses, including possession or use of a controlled substance.[27]  Based on the results

of this background check, Mr. Wheeler's application was submitted to a "targeted review

committee comprised of employee relations personnel" with the purpose of reviewing "job

applications of individuals with criminal backgrounds."[28]  Such review does "not automatically

bar the applicant from employment,"[29] and the applicant is supposed to be provided an

"opportunity to demonstrate . . . particular circumstances that may weigh against exclusion."[30]

Mr. Wheeler alleges he was given no such opportunity; the review committee "never reached out

---

provide a coherent factual account, as it is unclear what the documents consist of or which stage
of the administrative proceedings they relate to.

[24] The amended complaint contains conflicting date references.  Mr. Wheeler alleges the events
giving rise to his claim occurred in 2020, while other documents submitted by Mr. Wheeler show
the events taking place in 2021.  (*Compare id.* at 3, *with id.* at 9.)  Where the "determination and
order"—a document presumably from some stage of the prior administrative proceedings—
references exact dates from 2021 for some of the relevant events, that is the year the court uses
for purposes of this order.

[25] (*See* Am. Compl., Doc. No. 10 at 3.)

[26] (*See id.* at 2–3, 9.)

[27] (*See id.* at 9 ("Morris [a human resources employee] emailed [Mr. Wheeler], stating 'Hi Colin,
we are still waiting on your background check to come back.  We will need to push [your] start
date back a week for now.  I will let you know when it comes back.'").)

[28] (*Id.*)

[29] (*Id.*)

[30] (*Id.*; *see also id.* at 3 (indicating Mr. Morris was supposed to relay Mr. Wheeler's explanation
regarding his criminal background to a "human [r]esources review committee").)

to [him] to demonstrate [his] side."[31]  Mr. Wheeler also alleges IHC rescinded his job offer "due to [his] past [d]rug conviction."[32]  He alleges "IHC violated the law because of this"[33] arguing "it is illegal to not offer employment to someone for past drug convictions when [they] [have] a record of being rehabilitated."[34]

Mr. Wheeler alleges he "passed an IHC drug screen after [he was] offered the job, thus showing [he] [has] been rehabilitated from drugs." [35]  Mr. Wheeler also alleges he has "been sober of drugs and alcohol since completing the Davis Count[]y Corrections DORA program,"[36] and submitted a letter from his therapist confirming that fact.[37]  Mr. Wheeler alleges his history of substance abuse qualifies as a disability under the ADA.[38]

Based on the above incidents, Mr. Wheeler filed charges with the Equal Employment Opportunity Commission (EEOC) and received a notice of right to sue letter.[39]  Mr. Wheeler filed the current action against IHC on February 13, 2023, seeking "the original job offer [be] honored" as well as punitive damages in the amount of $300,000 to $2,000,000.[40]

---

[31] (*Id.* at 3.)

[32] (*Id.*; *see also id.* at 5–6.)

[33] (*Id.* at 3.)

[34] (*Id.* at 6.)

[35] (*Id.* at 5.)

[36] (*Id.* at 3.)

[37] (*Id.* at 4.)

[38] (*Id.* at 2–3, 5.)

[39] (*Id.* at 11.)

[40] (*Id.* at 10.)

<u>ANALYSIS</u>

Because Mr. Wheeler has failed to assert facts supporting a prima facie case for "failure to hire" under the ADA, he has failed to state a cognizable claim.

The ADA prohibits covered employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures[] [and] hiring."[41]  To establish a prima facie case under the ADA for "failure to hire" a plaintiff must show,

> (1) that [he] is a disabled person within the meaning of the ADA; (2) that [he] is qualified, that is, [he] is able to perform the essential functions of the job, with or without reasonable accommodation; and (3) that the employer [failed to hire him] under circumstances which give rise to an inference that the [failure to hire] was based on [his] disability.[42]

Mr. Wheeler has failed to allege sufficient facts to support the first element of a prima facie case for "failure to hire," as explained below.

Specifically, Mr. Wheeler has not adequately alleged he is a disabled person under the ADA.  Despite listing several possible disabilities on his form complaint (PTSD, schizoaffective

---

[41] 42 U.S.C. §12112(a).

[42] *Boldridge v. Tyson Foods, Inc.*, No. 05-4055-SAC, 2007 U.S. Dist. LEXIS 19942, at *14 (D. Kan. Mar. 20, 2007) (unpublished) (alternations in original) (citing *Morgan v. Hilti*, 108 F.3d 1319, 1323 (10th Cir. 1997) and *Endlich v. Yellow Corp.*, 182 F. App'x 825, 828 (10th Cir. 2006) (unpublished)).  ADA disability discrimination claims based on indirect evidence are subject to the burden-shifting structure of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this structure, after a "plaintiff has made the requisite [prima facie] showing, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. If the defendant proffers such a reason, the burden then shifts back to the plaintiff to show that the defendant's stated reasons are merely 'pretextual.'"  *Equal Emp. Opportunity Comm'n v. C.R. Eng., Inc.*, Nos. 09-4207, 09-4217, 2011 U.S. App. LEXIS 8971, at *21 (10th Cir. May 3, 2011) (unpublished) (citation omitted).

disorder, severe depression, anxiety disorder, and substance abuse),[43] Mr. Wheeler makes clear he is relying on "[s]ubstance [a]buse disorder [as] a disability."[44]

The "status of being an alcoholic or illegal drug user may merit [ADA] protection."[45] The ADA includes a safe harbor provision for individuals who (1) "demonstrate that the addiction or use of illegal drugs is an 'impairment that substantially limits one or more major life activities' so as to be a qualifying disability"[46] and (2) "are not currently engaging in the illegal use of drugs," including those who have "successfully completed a supervised drug rehabilitation program and [are] no longer engaged in the illegal use of drugs."[47] Under the first factor, major life activities "include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."[48] The ADA "requires plaintiffs to offer evidence that the extent of the limitation caused by their impairment in terms of their own experience is substantial."[49] Under the second factor, "an individual's eligibility for

---

[43] (*See* Am. Compl., Doc. No. 10 at 2.)

[44] (*Id.* at 3.)

[45] *Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1185 (10th Cir. 2011) (alteration in original) (quoting *Nielsen v. Moroni Feed Co.*, 162 F.3d 604, 609 (10th Cir. 1998)).

[46] *George v. Cmty. Health Ctrs.*, No. CIV-21-00464-PRW, 2022 U.S. Dist. LEXIS 40555, at *8–9 (W.D. Okla. Mar. 8, 2022) (unpublished) (citing *Nielsen*, 162 F.3d at 610); *see also* 42 U.S.C. § 12102 (defining "disability" and "major life activities" under the ADA).

[47] 42 U.S.C. § 12114(a)–(b); *see also Mauerhan*, 649 F.3d at 1185; *George*, 2022 U.S. Dist. LEXIS 40555, at *8–9.

[48] *Reynolds v. Kent's Mkt. Pharm.*, No. 1:18-cv-144, 2020 U.S. Dist. LEXIS 145150, at *7 (D. Utah Aug. 11, 2020) (unpublished) (quoting 42 U.S.C. §§ 12102(1), 12102(2)(A)).

[49] *Id.* (quoting *Johnson v. Sedgwick Cnty. Sherriff's Dep't*, 461 F. App'x 756, 759 (10th Cir. 2012) (unpublished)).

the safe harbor [provision] must be determined on a case-by-case basis, examining whether the circumstances of the plaintiff's drug use and recovery justify a reasonable belief that drug use is no longer a problem."[50]

Because Mr. Wheeler alleges he passed a drug screening for IHC after he was offered the job, has been sober since completing the Davis County Corrections DORA program, and submitted a letter in support, he has alleged facts sufficient to support a claim that he is not currently engaged in the use of illegal drugs.[51]   However, Mr. Wheeler has failed to allege facts supporting a claim that his substance abuse constitutes an impairment which substantially limits a major life activity.  He made no assertions on this point.  Accordingly, Mr. Wheeler has failed to state a claim that he is a person with a "disability" as defined under the ADA.[52]

Because of this omission, Mr. Wheeler's amended complaint fails to state a cognizable claim and is subject to dismissal under 28 U.S.C. § 1915(e)(2).  Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[53]  The court previously identified the deficiency set forth above and ordered Mr.

---

[50] *Mauerhan*, 649 F.3d at 1188.

[51] (*See* Am. Compl., Doc. No. 10 at 3–5.)

[52] *See* 42 U.S.C. § 12102(1).  With regards to the second and third elements of a failure-to-hire prima facie case: Mr. Wheeler has asserted facts supporting the second element (qualified to perform the essential functions of the job) where he alleges IHC offered him a job as a client services representative.  (*See* Am. Compl., Doc. No. 10 at 3.)  Mr. Wheeler's assertions under the third element (failure to hire done under circumstances giving rise to an inference that such failure was based on plaintiff's disability) cannot be meaningfully evaluated where Mr. Wheeler has not alleged his addiction is a substantially limiting impairment such that it's a disability as defined by the ADA.

[53] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

Wheeler to amend his complaint to correct it,[54] but he failed to do so.   Therefore, further opportunities to amend would be futile, and dismissal is appropriate.

<u>RECOMMENDATION</u>

Where Mr. Wheeler's amended complaint fails to state a plausible claim for relief and where further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).   The court will send this Report and Recommendation to Mr. Wheeler, who is notified of his right to object to it.   Any objection must be filed within fourteen days of service.[55]   Failure to object may constitute waiver of objections upon subsequent review.

DATED this 23rd day of June, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[54] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 9.)

[55] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).