# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| COLIN JAMES WHEELER,<br><br>    Plaintiff,<br><br>v.<br><br>IHC HEALTH SERVICES,<br><br>    Defendant. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 1:23-cv-00014-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff Colin James Wheeler, proceeding *in forma pauperis*, initiated this action against IHC Health Services (IHC) on February 9, 2023.[1] Mr. Wheeler brought a single claim under the Americans with Disabilities Act, alleging IHC violated the Act by rescinding his job offer after receiving the results of Mr. Wheeler's background check.[2] The case was referred to Magistrate Judge Daphne A. Oberg under 28 U.S.C. § 636(b)(1)(B) to handle the case up to and including a Report and Recommendation on all dispositive matters.[3]

Upon referral, Judge Oberg screened the Complaint under 28 U.S.C. § 1915(e) and found it deficient.[4] Specifically, Judge Oberg determined Mr. Wheeler failed to allege sufficient facts to state a cognizable ADA failure-to-hire claim and ordered he submit an amended complaint

---

[1] Dkt. 2, *Complaint*.

[2] *See id.* at 3; Dkt. 2-1, *Exhibit A* at 5.

[3] Dkt. 7.

[4] *See* Dkt. 4; Dkt. 9, *Memorandum Decision and Order to File Amended Complaint*. This section of the code directs courts to dismiss *in forma pauperis* proceedings that are "frivolous" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

with additional facts to avoid dismissal.[5] Judge Oberg directed Mr. Wheeler to include "a detailed and holistic summary of the facts of his case" because an amended complaint would "*completely replace*" all prior versions of the complaint and any claims not realleged would "be deemed abandoned."[6]

The same day, Mr. Wheeler filed an Amended Complaint.[7] Judge Oberg screened the Amended Complaint and also found it deficient under 28 U.S.C. § 1915(e)(2).[8] Judge Oberg noted the Amended Complaint and exhibits were identical to the original Complaint, with the exception of one additional handwritten page of supplemental facts.[9] But Mr. Wheeler omitted some form pages of his Amended Complaint—pages that had originally been included with the Complaint.[10] Judge Oberg determined the additional page of facts could not cure the deficiencies from the Complaint, and the missing pages only compounded the problem.[11]

On June 23, 2023, Judge Oberg issued a detailed Report and Recommendation (the Report) recommending the case be dismissed.[12] The Report notified Mr. Wheeler of his right to object, explaining "[a]ny objection . . . must be filed within fourteen days of service," and

---

[5] *Memorandum Decision and Order to File Amended Complaint* at 9.

[6] *Id.*

[7] Dkt. 10, *Amended Complaint*.

[8] Dkt. 11, *Report and Recommendation to Dismiss Action Pursuant to 28 U.S.C. § 1915* (R&R).

[9] *Id.* at 2.

[10] *Id.* at 4 n.20.

[11] *See id.* at 7–10.

[12] *Id.* at 10.

cautioning that a "[f]ailure to object may constitute waiver of objections upon subsequent review."[13]

Nearly a month later, neither party has filed an objection to the Report. As Judge Oberg cautioned, any objection is now waived. The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions."[14] While the court may choose not to apply the firm waiver rule "when the interests of justice so dictate,"[15] and the Supreme Court has stated further review by the district court is neither required nor precluded where a litigant does not objection to a Report and Recommendation,[16] there is no discernable reason in the record for such a course. Judge Oberg advised the parties of the consequences of any failure to object, and Mr. Wheeler's pro se status does not relieve him of his obligations to comply with the Federal Rules,[17] nor does it excuse failing to object to a Report and Recommendation where the parties have been clearly apprised of the consequences of that failure.[18]

---

[13] *Id.*

[14] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (internal citations and quotations omitted).

[15] *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[16] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[17] While the court "liberally construe[s] pro se pleadings, [Plaintiffs'] pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

[18] *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996) (noting that exception to firm waiver rule only applies where pro se parties are not warned of the consequences of failing to object).

Moreover, after reviewing the briefing and relevant legal authority, the court concludes Judge Oberg did not clearly err in recommending dismissal. Indeed, the Report is well-supported by the record and cited legal authorities. The court therefore ADOPTS the Report[19] in full and DISMISSES this action. The Clerk of Court is directed to close the case.

SO ORDERED this 21st day of June, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[19] Dkt. 11.